IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CT-3216-FL

| | |
|---|---|
| THERON JERMAINE THOMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

Plaintiff filed this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). The matter is before the court for frivolity review pursuant to 28 U.S.C. § 1915. Also before the court are plaintiff's motion to appoint counsel (DE 7), motions to recuse (DE 8, 10), motion for proper complaint review with the Declaratory Judgment Act (DE 9), motion to withdraw first motion to recuse (DE 11), and motion for reimbursement (DE 13).

The court begins with plaintiff's motion to appoint counsel. Plaintiff requests that the court appoint him counsel to assist with litigating this action. There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for *pro se* civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264 (5th Cir. 1982)); see also Gordon v.

Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him."). Because plaintiff's claim is not complex, and where he has demonstrated through the detail of his filings he is capable of proceeding *pro se*, this case is not one in which exceptional circumstances merit appointment of counsel. Therefore, plaintiff's motion to appoint counsel is DENIED.

As for plaintiff's motion to recuse, plaintiff requests that the undersigned recuse herself from this case pursuant to 28 U.S.C. § 455(a).[1] Title 28 U.S.C. § 455(a) requires that a judge "shall disqualify h[er]self in any proceeding in which h[er] impartiality might reasonably be questioned." Disqualification is required if a reasonable factual basis exists for doubting the judge's impartiality. Rice v. McKenzie, 581 F.2d 1114, 1116 (4th Cir. 1978). Here, plaintiff makes blanket claims of bias and prejudice. Plaintiff also complains about the rulings the court has made in his criminal action, United States v. Thompson, 4:08-CR-0004 (E.D.N.C. Dec. 11, 2008). Although plaintiff has expressed dissatisfaction with rulings made by this court, plaintiff has presented no reasonable factual basis for doubting the undersigned's impartiality. Therefore, plaintiff's motion for recusal is DENIED.

The court now turns to plaintiff's motion for proper complaint review. In his motion for complaint review and subsequent motion for reimbursement of the filing fee, plaintiff states that the court mischaracterized this action as one pursuant to Bivens, when he intended to file his action pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201. For good cause shown, the court

---

[1] Plaintiff filed two motions for recusal, the first on November 12, 2014, and the second on November 17, 2014. To the extent plaintiff seeks to withdraw his first motion for recusal on the grounds that the motion contained the incorrect case number, plaintiff's motion is GRANTED.

2

GRANTS plaintiff's motion for proper complaint review and construes this action as one pursuant to the Declaratory Judgment Act.

The court next turns to its frivolity review of plaintiff's declaratory judgment action. Section 1915 provides that courts shall review complaints in which prisoners seek relief from a governmental entity or officer and dismiss such complaints when they are "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be found frivolous because of either legal or factual deficiencies. First, a complaint is frivolous where "it lacks an arguable basis . . . in law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are based on an "indisputably meritless legal theory" and include "claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (quoting Neitzke, 490 U.S. at 327). Under this standard, complaints may be dismissed for failure to state a claim cognizable in law, although frivolity is a more lenient standard than that for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Neitzke, 490 U.S. at 328. Second, a complaint may be frivolous where it "lacks an arguable basis . . . in fact." Id. at 325. Section 1915 permits federal courts "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citing Neitzke, 490 U.S. at 327).

On September 11, 2008, plaintiff pled guilty, without a written plea agreement, to conspiracy to possess with the intent to distribute more than 50 grams of cocaine base (crack) in violation of 21 U.S.C. § 846, and possession with the intent to distribute five grams or more of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1). See United States v. Thompson, 4:08-CR-0004 (E.D.N.C. Sept. 11, 2008). On December 11, 2008, the court sentenced plaintiff to a term of 320 months imprisonment. Id. (Dec. 11, 2008).

Plaintiff subsequently appealed his conviction, and the United States Court of Appeals for the Fourth Circuit affirmed plaintiff's conviction and sentence on December 1, 2009. See United States v. Thompson, No. 08-5247 (4th Cir. Dec. 1, 2009). On May 9, 2011, plaintiff filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which was denied on December 26, 2012. See United States v. Thompson, 4:08-CR-0004 (E.D.N.C. Dec. 26, 2012). Plaintiff appealed the district court's ruling on his § 2255 motion, and the Fourth Circuit dismissed plaintiff's appeal on April 30, 2013. See United States v. Thompson, No. 13-6095 (4th Cir. Apr. 30, 2013).

Plaintiff filed the instant declaratory judgment action challenging the knowing and voluntariness of his guilty plea and alleging that he received ineffective assistance of counsel. The Declaratory Judgment Act provides that a court of the United States, "[i]n a case of actual controversy within its jurisdiction ... may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The Fourth Circuit Court of Appeals has held that a district court does not have jurisdiction to entertain a declaratory judgment action as a substitute for post conviction remedies pursuant to 28 U.S.C. § 2255. See Pruitt v. Campbell, 429 F.2d 642, 645 (4th Cir. 1970); Hurley v. Lindsay, 207 F.2d 410, 411 (4th Cir.1953) (per curiam) ("If there was any irregularity in the sentence or orders under which appellant was held, and we do not intimate that there was, appellant's remedy was a motion in the sentencing court under 28 U.S.C. § 2255, not a petition for a declaratory judgment in another court.") Plaintiff in this action is challenging the legality of his federal conviction, and such a challenge is properly brought pursuant to § 2255 unless "the remedy

4

by motion [under § 2255] is inadequate or ineffective to test the legality of his detention."[2] 28 U.S.C. § 2255; see In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). As a result, plaintiff's request for declaratory judgment is DENIED. Plaintiff offers no indication that he has obtained certification from the court of appeals as required under § 2255(h) to bring a second § 2255. Thus, this action is DISMISSED without prejudice.[3]

Because plaintiff's claim is non-cognizable pursuant to the Declaratory Judgment Act, the court finds it appropriate to VACATE its September 9, 2014, order granting plaintiff leave to proceed IFP and DIRECTS the clerk of court to reimburse plaintiff the full amount of his filing fee that plaintiff has paid in this action. Accordingly, plaintiff's motion for reimbursement of the filing fee is GRANTED.[4]

For the foregoing reasons, the court rules as follows:

(1) Plaintiff's motion to appoint counsel (DE 7) is DENIED;

(2) Plaintiff's motion to withdraw his first motion for recusal (DE 11) is GRANTED, and plaintiff's November 12, 2014, motion to recuse (DE 8) is WITHDRAWN;

(3) Plaintiff's second motion to recuse (DE 10) is DENIED;

---

[2] To the extent plaintiff contends § 2255 is inadequate or ineffective, he must assert such a claim in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In re Jones, 226 F.3d 328, 332 (4th Cir. 2000). Plaintiff, however, may not bring a §2241 petition in this court because such a petition must be filed where the inmate is incarcerated, and plaintiff is incarcerated in South Carolina. See id.; 28 U.S.C. § 2241(a).

[3] Plaintiff also asserts that he is seeking relief pursuant to a petition for a writ of audita querela under the All Writs Act, 28 U.S.C § 1651(a). However, the writ of audita querela is not an available remedy when the claim would be cognizable in a§ 2255 habeas petition. See Pollard v. United States, No. 1:09cv1371, 2010 WL 883768, (E.D. Va. Mar. 8, 2010) (citing United States v. Valdez-Pacheco, 237 F.3d 1077, 1080 (9th Cir. 2001)). Moreover, the Fourth Circuit has held that statutory limits on second or successive habeas petitions do not create a gap in the system of post-conviction relief that can be filled with common law writs. See United States v. McRae, No. 09-7881, 2009 WL 5185761, *1 (4th Cir. Dec. 31, 2009).

[4] The court notes that plaintiff is mistaken in his assertion that the filing fee for a Delcaratory Judgment Act action is $5.00. Rather, the filing fee for a claim pursuant to the Declaratory Judgment Act is $350.00. See 28 U.S.C. § 1914.

5

(4)   Plaintiff's motion for proper complaint review (DE 9) is GRANTED;

(5)   Plaintiff's motion for reimbursement of the filing fee (DE 13) is GRANTED, and the court finds it appropriate to VACATE its September 9, 2014, order granting plaintiff leave to proceed IFP and DIRECTS the clerk of court to reimburse plaintiff the full amount of his filing fee he has paid in this action;

(6)   Plaintiff's action is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 11th day of May, 2015.

*[signature]*

LOUISE W. FLANAGAN
United States District Judge